Dear Mr. Stiel:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for research and reply.
You state the City of Franklin has established a committee of citizens which is known as the City of Franklin FMHA Revolving Loan Fund Committee. This committee administers federal funds provided by FMHA for the purpose of making loans to small businesses. Your inquiry is two-part:
 (1) Are the tax returns and other personal financial records and information furnished to the committee as part of the application loan package exempt from disclosure to the general public; and
 (2) May the committee hold an executive session to discuss the financial information and credit worthiness of a loan applicant?
First, we note the City of Franklin FMHA Revolving Loan Fund Committee is a "public body" as defined by LSA-R.S. 44:1()91):
 "A. (1) As used in this Chapter, the phrase "public body" means any branch, department, office, agency, board, commission, district, governing authority, political subdivision, or any committee, subcommittee, advisory board, or task force thereof, or any other instrumentality of state, parish or municipal government, including a public or quasi-public nonprofit corporation designated as an entity to perform a governmental or proprietary function."
The Louisiana Public Records Act, LSA-R.S. 44:1, et. seq., applies to all public bodies, and defines "public records" as:
 "All books, records, writings, accounts, letters, and letter books, maps, drawings, photographs, . . . having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business . . . performed by or under the authority of the constitution or laws of this state, or . . . any ordinance, regulation, mandate". . . . LSA-R.S. 44:1(A)(2).
The disclosure requirements of the Act do not apply to certain delineated information. Tax returns are specifically exempted in LSA-R.S. 44:4(1), which provides:
"This Chapter shall not apply:
(1) To any tax return or the information contained in any tax return."
The Act further contains an exception to the general rule of disclosure for certain confidential information:
"This Chapter shall not apply:
 (3) To any records, writings, accounts, letters, letter books, photographs or copies thereof, in the custody or control of any officer, employee, agent or agency of the state whose duties and functions are to investigate, examine, manage in whole or in part, or liquidate the business of any private person, firm or corporation in this state, when the records, writings, accounts, letters, letter books, photographs, or copies thereof, pertain to the business of the private person, firm or corporation, and are in their nature confidential." LSA-R.S. 44:4(3); (Emphasis added).
It is further the opinion of this office that personal financial information is by its nature confidential and disclosure of this information would be an invasion of privacy in contradiction of an individual's privacy rights guaranteed under Article I, Section 5 of the Louisiana Constitution of 1974.
In support of our determination, we note this office has previously determined:
 ". . . personally identifiable records should not fall within R.S. 44:1
unless they are shown to record transactions of the public body. If the records do pertain to the functioning of the public body, then the non-public information should be exised." (Emphasis added); See Attorney General Opinion Number 79-242, a copy of which is enclosed.
Considering that the committee is administering federal funds, we are mindful of federal law concerning disclosure of public information. Title 5 USCA § 552(6)(C)(b)(6) provides that disclosure requirements do not apply to:
 "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."
The federal courts have defined "privileged or confidential" under the federal Freedom of Information Act as:
 "[Information which is] not the type usually released to the public and is of the type that, if released to the public, would cause substantial harm to the competitive position of the person from whom the information was obtained" . . . Gulf Western Industries, Inc. v. U.S., 615 F.2d 527 (D.C. Cir. 1979).
By way of analogy, we are of the opinion that federal law would also prohibit disclosure of tax returns and personal financial records submitted to the committee.
Your second inquiry questions whether the committee may go into executive session to discuss the credit worthiness of an applicant. We answer this inquiry in the affirmative.
We note the committee is a public body whose meetings are subject to the provisions of LSA-R.S. 42:5, which provides:
 "Every meeting of any public body shall be open to the public unless closed pursuant to R.S. 42:6, R.S. 42:6.1, or R.S. 42:6.2."
LSA-R.S. 42:6 sets forth the requirements for calling an executive session. LSA-R.S. 42:6.1(A)(8) states a public body may hold an executive session for:
 ". . . any other matters now provided for or as may be provided for by the legislature."
If the records are privileged under the Public Records Act, then LSA-R.S 42:6.1(A)(8) is properly interpreted to authorize an executive session to confidentially discuss the contents of the privileged records. See Attorney General Opinion Number 89-550, a copy of which is enclosed. The committee should be advised that business during the executive session is limited to the discussion of these privileged matters. Any formal action by vote must be taken in open session. LSA-R.S. 42:6.
We hope this interpretation of the law will be helpful to you. Should you have further inquiries, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0143E